IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Anhui Zuoyou Intellectual Property Service Co., Ltd., et al.<br><br>Plaintiffs,<br><br>v.<br><br>Purple Innovation, LLC,<br><br>Defendant. | Civil Action No.:<br><br><br>JURY TRIAL DEMAND |

### JOINT DECLARATORY JUDGMENT ACTION

Anhui Zuoyou Intellectual Property Service Co., Ltd. d/b/a Angushy, Fujian Changda Construction Co., Ltd. d/b/a LINW, Taibao He d/b/a Super Seat and Xiaoli Yin d/b/a Yinstore ("Plaintiffs") bring this complaint against Purple Innovation, LLC ("Defendant"), and allege as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.* and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiffs seek this relief in response to Defendant's recent accusation of patent infringement as to the U.S. Design Patent No. D991706S (the "706 Patent") and D990930S (the "930 Patent"). A true and correct copy of the 706 Patent and 930 Patent are attached hereto as Exhibit A.

3. On May 21, 2025, and June 16, 2025, Amazon sent notices to Plaintiff Anhui Zuoyou Intellectual Property Service Co., Ltd. ("Angushy") based on complaints submitted by Defendant.

1

The complaints allege that Angushy's Seat cushion (the "Angushy Product") infringes one or more of the Defendant's design patents. Complaint IDs are 17761624031 and 17908888911. A true and correct copy of the Amazon notices are attached hereto as Exhibit B.

4. On April 4, April 16, and June 7, 2025, Amazon issued notices to Plaintiff Fujian Changda Construction Co., Ltd. ("LINW") based on complaints submitted by Defendant. The complaints allege that LINW's seat cushion product (the "LINW Product") infringes one or more of Defendant's design patents. The complaint IDs are 17512550101, 17593763361, and 17861664621. A true and correct copy of the Amazon notices is attached as Exhibit C.

5. On April 4, May 1, June 7, and June 16, 2025, Amazon issued notices to Plaintiff Taibao He ("Super Seat") based on complaints submitted by Defendant. The complaints allege that Super Seat's seat cushion product (the "Super Seat Product") infringes one or more of Defendant's design patents. The complaint IDs are 17512550101, 17663242441, 17861664621, and 17908888911. A true and correct copy of the Amazon notices is attached as Exhibit D.

6. On April 4, April 18, May 10, May 21, and June 16, 2025, Amazon issued notices to Plaintiff Xiaoli Yin ("Yinstore") based on complaints submitted by Defendant. The complaints allege that Yinstore's seat cushion product (the "Yinstore Product") infringes one or more of Defendant's design patents. The complaint IDs are 17512550101, 17587941261, 17663938271, 17686302461, and 17761624031. A true and correct copy of the Amazon notices is attached as Exhibit E.

7. Upon information and belief, the Amazon complaints referenced above were based on Defendant's assertion of rights under the 706 Patent and the 930 Patent.

8. An actual, justiciable controversy exists between Plaintiffs and Defendant regarding whether the manufacture, use, offer for sale, sale, and importation of each Plaintiff's seat cushion

2

products infringes any valid claim of the 706 Patent or 930 Patent. Plaintiffs seek a declaration that their respective products do not infringe either patent and that Defendant has no enforceable rights as asserted.

9. An actual, justiciable controversy also exists concerning the validity of the 706 Patent and 930 Patent. Plaintiffs seek a declaration that each asserted patent is invalid under one or more provisions of the Patent Act, including 35 U.S.C. §§ 102 and 103, based on prior art and lack of novelty.

10. Defendant's assertions of patent infringement have caused and continue to cause substantial harm to Plaintiffs' business operations and commercial relationships, including the delisting of numerous product ASINs from Amazon.com. These actions have created an immediate, concrete dispute between the parties that warrants declaratory relief under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

11. Anhui Zuoyou Intellectual Property Service Co., Ltd. is the registrant and operator of the Angushy Amazon.com storefront, through which it sells a variety of products, including seat cushions. Twenty-four such products sold by Angushy have been designated with Amazon Standard Identification Numbers (ASINs) including: B0DT6KC2W7, B0DT67KHWD, B07RWLNC6H, B085D9CXT9, B08LDVT89B, B085XKJBPH, B07P6WM5CL, B09VCC9VNV, B07TYHMZFG, B07Y72FW6Q, B08L3THF32, B0CJQC3RD8, B0CPM1BZKK, B0CPM28RLB, B0D5DGZ5ZQ, B0D5DJ3WT3, B09VHCWHLZ, B09VH9SFMF, B0DJFTG99R, B0DSGCG5C6, B0DSGD18QT, B0DT6LDCBK, B0DT66BF32, and B0C7HL78DM (collectively, the "Angushy Products").

12. Fujian Changda Construction Co., Ltd. is the registrant and operator of the LINW Amazon.com storefront through which it sells a variety of products, including seat cushions. Thirteen such products sold by LINW were designated with the following Amazon Standard Identification Numbers (ASINs): B0CM44JFVT, B0CWPBZ5ZK, B0CWP9FH96, B09JMXZ7DQ, B09JMXY6HJ, B09JMXQ8HP, B09JMYR3JS, B08GSW9YVX, B0D8YPQQVK, B0B8K3S7B8, B0B8K195FK, B0C4JW1SKP, and B0CN1K5WT1 (collectively, the "LINW Products").

13. Taibao He is the registrant and operator of the Super Seat Amazon.com storefront through which he sells a variety of products, including seat cushions. Thirty-one such products sold by Super Seat were designated with the following Amazon Standard Identification Numbers (ASINs): B0DT4R868N, B0C5JWSZ86, B0F1NLK5BJ, B0F1NJB3KX, B0F332NP97, B0F32ZG7RN, B0C5JYJ9YS, B0DT4T9P7Y, B0CPJRFV1W, B091V65DYX, B0C84T8PJQ, B07RXSHF24, B0CPJPB37K, B0CPJ3S3JX, B0DT4RJP9X, B07N1DF5HH, B0C826KDLJ, B0DT4RMFVK, B07Z4MCH6B, B0CM8ZK14H, B0CN1N7QF2, B0CM8ZV8D7, B0F41TVW69, B0F8MX69WQ, B0BX8XQ1G5, B0CT612RQR, B0CT61TZD6, B0927FMB26, B0BX8Y343Z, B0BX8Z82YK, and B094FWZ8VT (collectively, the "Super Seat Products").

14. Xiaolin Yin is the registrant and operator of the Yinstore Amazon.com storefront through which she sells a variety of products, including seat cushions. Twelve such products sold by Yinstore were designated with the following Amazon Standard Identification Numbers (ASINs): B0C5JJLZ68, B0CPM27RJ5, B0CQ4ZX4DW, B098K6GHPJ, B098K6KN38, B0B725YQGL, B0B7XZRJDL, B0CQ4ZCZJV, B0CDCLQBZT, B0CPM4R43G, B0CPM3TPLK, and B07Q7NKHW7 (collectively, the "Yinstore Products").

4

15. Upon information and belief, Defendant Purple Innovation, LLC is a Utah corporation with a registered address at 1108 E South Union Avenue, Midvale, Utah 84047. Defendant is the owner or assignee of the 706 Patent and the 930 Patent.

16. Upon information and belief, and based on the Amazon complaints submitted by Defendant, Defendant claims ownership of the 706 Patent and the 930 Patent and has asserted rights in those patents to interfere with Plaintiffs' product listings.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are Chinese entities and individuals with principal places of business or residence in China. Defendant, on information and belief, is a Utah corporation with its principal place of business in Utah.

18. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202 because this action arises under the patent laws of the United States and seeks declaratory relief concerning U.S. patents.

19. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as this is a civil action arising under an Act of Congress relating to patents and seeks declaratory relief under federal law.

20. This Court also has supplemental jurisdiction over related claims in this action pursuant to 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

21. This Court has personal jurisdiction over Defendant, and venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400, because a substantial part of the events giving

rise to this action occurred in this district and Defendant's conduct has caused harm to Plaintiffs in this forum.

22. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering to ship to the United States, including Illinois, accepting payment in U.S. dollars, and, on information and belief, has sold products to residents in Illinois. A copy of one Amazon order shipped to Illinois is attached as Exhibit H.

23. Additionally, since April 2025, Defendant has repeatedly submitted infringement complaints to Amazon targeting Plaintiffs' ASINs. These complaints have caused immediate and ongoing harm to Plaintiffs' business in the United States, including Illinois, by interfering with their ability to sell products on the Amazon marketplace.

24. On or about July 2, 2025, Yinstore received a performance notification from Amazon.com indicating that, due to unresolved policy violations, Yinstore's seller account had been partially suspended. Amazon directed Yinstore to provide necessary information to appeal the account suspension, warning that failure to do so within 19 days would result in permanent account termination. A true and correct copy of the performance notification and English translation provided by plaintiffs is attached as Exhibit F.

25. Upon information and belief, the unresolved Amazon policy violations referenced in the notice to Yinstore are causally related to Defendant's repeated infringement complaints.

Yinstore has received five separate Amazon complaints since April 2025, all submitted by Defendant, targeting its seat cushion products.

26. According to Plaintiffs' records, they currently have more than 7,500 items in Amazon's fulfillment inventory, with an estimated total value exceeding $130,000. Due to the removal of the accused ASINs from the Amazon marketplace, these products can no longer be sold. As a result, Amazon has scheduled them for disposal beginning in July 2025 and continuing through September 2025. The earliest removal date communicated by Amazon is July 16, 2025.

27. Unless this Court grants the relief sought in this action, Amazon intends to remove Plaintiffs' Non-Infringing Products, consisting of at least 37 ASINs, based solely on Defendant's allegations that these products infringe the 706 and 930 Patents. Such removal is imminent and would cause immediate and irreparable harm to Plaintiffs' business operations.

28. By submitting repeated Amazon complaints against Plaintiffs' ASINs, Defendant has purposefully directed conduct at Illinois and caused foreseeable harm in this District. Defendant's actions have disrupted Plaintiffs' lawful commerce, interfered with sales to Illinois customers, and triggered Amazon enforcement mechanisms that impact Plaintiffs' ability to operate in this forum.

29. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims occurred in this District. Defendant's conduct caused the removal of Plaintiffs' product listings from Amazon, directly impairing their ability to engage in commercial activity and reach consumers in Illinois.

30. Defendant's Amazon complaints directly caused the removal of Plaintiffs' product listings, impairing their ability to lawfully conduct business in this District. The resulting harm, including lost sales, operational disruption, and diminished market access, occurred in Illinois.

Defendant's conduct constitutes an improper restraint of trade with anti-competitive effects in this forum.

## JOINDER

31. Joinder of the Plaintiffs in this action is proper under Federal Rule of Civil Procedure 20(a)(1). All Plaintiffs assert claims for declaratory judgment of non-infringement and invalidity that arise out of the same series of transactions or occurrences. Specifically, each Plaintiff was the target of Amazon takedown complaints submitted by Defendant based on the same two design patents, U.S. Patent Nos. D991706S and D990930S.

32. Defendant's complaints uniformly allege infringement of the same patents, assert similar legal and factual theories, and target comparable seat cushion products offered by the Plaintiffs. The commonality of Defendant's conduct gives rise to overlapping factual and legal questions, including invalidity, non-infringement, and the scope of any enforceable rights in the asserted patents.

33. A joint proceeding will promote judicial economy, reduce duplicative discovery, and avoid inconsistent rulings regarding the same patents and similar products. The core issues in this case can be resolved more efficiently in a single action.

34. Joinder does not prejudice Defendant. To the extent there are any distinctions between Plaintiffs' products, those can be addressed through case management tools such as phased discovery or separate findings at trial, without undermining the efficiency of proceeding jointly.

**FACTUAL BACKGROUND**

35. On July 11 2023, the United States Patent and Trademark Office issued the 706 Patent. On July 4 2023, the United States Patent and Trademark Office issued the 930 Patent. Ex A.

36. Defendant purports to own the right, title, and interest in the 706 Patent and 930 Patent by assignment, including the right to license, sell, and enforce the 706 Patent and 930 Patent.

37. On information and belief, beginning in April 2025, Defendant represented to Amazon.com that it owns the 706 and 930 Patents and repeatedly submitted complaints to Amazon that caused the removal of Plaintiffs' product listings.

38. Defendant's wrongful enforcement of the 706 and 930 Patents has caused, and continues to cause, harm to Plaintiffs by interfering with their ability to sell their respective products. Defendant's conduct and infringement accusations have created an actual case or controversy between the parties. This course of conduct lacks legal merit, has anticompetitive effects, and restrains Plaintiffs' ability to compete in the marketplace.

39. Plaintiffs have at all times acted in good faith with respect to the 706 Patent and 930 Patent. Based on their review of the patent disclosures and publicly available materials, Plaintiffs contend that their seat cushion products do not infringe either patent under any recognized theory of liability.

**COUNT I DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT (U.S. PATENT NO. D991706S and D990930S**

40. Plaintiffs restate and incorporate by reference each of the allegations contained in Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. A patent claim is invalid as anticipated if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention," pursuant to 35 U.S.C. § 102(a)(1). Upon information and belief, the inventions claimed in the 706 Patent and 930 Patent are anticipated by at least one prior art reference. For example, on June 9, 2016, a utility patent application disclosing an identical or substantially similar seat cushion was filed through the World Intellectual Property Organization (WIPO) under the Patent Cooperation Treaty (PCT), with designations including Spain, South Korea, Mexico, and the United States. A true and correct copy of this utility patent, WO2016088977A1, is attached as Exhibit G.

42. WO2016088977A1 qualifies as prior art under 35 U.S.C. § 102(a)(1), as it was published more than one year before the effective filing dates of both the 706 Patent and the 930 Patent.

43. Plaintiffs aver that the claimed designs in the 706 Patent and 930 Patent lack novelty and are anticipated by WO2016088977A1. The following comparison highlights substantial similarities between the asserted patents and the prior art reference:

| WO2016088977A1 | 930 Patent | 706 Patent |





44. Plaintiffs aver that a real and substantial controversy exists regarding the scope, validity, and enforceability of the 706 Patent and 930 Patent. Plaintiffs seek a judicial declaration that they have not infringed any valid and enforceable claim of either patent.

45. Plaintiffs aver that Defendant's infringement accusations are objectively baseless and have caused significant harm to their commercial interests. This case is exceptional and warrants an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### Count II - Unfair Business Practices

46. Plaintiffs restate and incorporate by reference each of the allegations contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Plaintiffs aver that Defendant made false and misleading statements of fact to Amazon.com by asserting that each Plaintiff's respective products infringed the 706 Patent and 930 Patent. These accusations lacked any reasonable basis and were submitted without a good faith investigation.

48. On information and belief, each time a company submits an infringement complaint to Amazon, like Defendant did, Amazon maintains a record of that complaint.

49. Plaintiffs aver, on information and belief, that Amazon does not evaluate or reconsider the merits of infringement complaints, even if a court later determines the complaints to be unfounded.

50. Plaintiffs aver that if a seller, including any Plaintiff in this action, receives too many complaints, Amazon may permanently revoke the seller's ability to sell on the platform and may liquidate or withhold the seller's remaining account funds.

51. Plaintiffs aver that if a seller loses the ability to sell on Amazon, it also loses all associated reviews and product rankings, which are essential to continued commercial success on the platform.

52. Plaintiffs aver that even if they were to relaunch the complained-of products following a court ruling in their favor, they would be forced to rebuild their reputation and product rankings from the ground up, which is extremely difficult and commercially damaging.

53. Plaintiffs aver that Defendant's wrongful complaints have caused lasting harm to each Plaintiff's Amazon storefront and have placed their ongoing ability to operate on the platform at risk.

54. Plaintiffs further aver that Defendant's submission of wrongful complaints to Amazon in order to suppress competition is contrary to public policy and constitutes unethical, oppressive, and unscrupulous conduct.

55. As a result, Plaintiffs are entitled to injunctive relief, damages, costs, and attorneys' fees as a direct and proximate result of Defendant's wrongful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

1. A declaration that all claims of U.S. Patent Nos. D991,706 and D990,930 are invalid;

2. A declaration that Plaintiffs' products do not infringe any valid claim of the 706 or 930 Patents;

3. A declaration that each Plaintiff is the prevailing party and that this case is exceptional, entitling them to recover their costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. § 285;

4. An award of damages to each Plaintiff for injuries caused by Defendant's wrongful enforcement of the 706 and 930 Patents;

5. A permanent injunction barring Defendant, and those acting in concert with it, from enforcing the 706 or 930 Patents or contacting third parties to request removal of Plaintiffs' or others' products as infringing either patent;

6. An award of pre-judgment interest on all sums awarded;

7. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

13

Dated: July 20, 2025                                      Respectfully submitted,

<u>/s/ Alexander Warden</u>
Alexander Warden, Esq.
alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 W 40th Street, Floors 4 and 5
New York, NY 10018
*Counsel for Plaintiff Anhui Zuoyou*
*Intellectual Property Service Co., Ltd., et al.*